# JacksonLewis

Jackson Lewis P.C.
58 South Service Road, Suite 250
Melville, NY  11747
(631) 247-0404 Main
(631) 247-0417 Fax
jacksonlewis.com

My Direct Dial is:  (631) 247-4661
My Email Address is: noel.tripp@jacksonlewis.com

April 24, 2023

**VIA ECF**

Honorable Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 4B
Brooklyn, NY 11201

          Re:    Janet Hoskins, et al. v. Contour Mortgage Corporation
                 Case No.:  23-cv-02289

Dear Judge Gujarati:

      As counsel for Contour Mortgage Corporation ("Contour"), we write pursuant to Rule III(A) of Your Honor's Individual Practice Rules and Fed. R. Civ. P. 12(b)(1) and (6) to respectfully request a pre-motion conference to dismiss the Complaint.  *See* ECF Dkt. 1 ("Compl.").  Plaintiffs have failed to satisfy the well-established Fair Labor Standards Act ("FLSA") pleading standards within this Circuit, and the Complaint should be dismissed, with prejudice as to Plaintiffs' FLSA claims and without prejudice as to putative state law claims.[1]

I.      **Plaintiffs Have Failed To Plead Viable Causes Of Action Under The FLSA.**

      A.      **Plaintiffs' Minimum Wage Claim.**

      Plaintiffs FLSA Cause of Action purports to bring a claim for alleged unpaid minimum wages under the FLSA.  Compl. ¶¶ 59-72.  But to state such a claim, Plaintiffs must at least allege facts about their pay and working amounts "such that a simple arithmetical calculation can be used to determine the amount owed per pay period." *Tackie v. Keff Enters. LLC*, 14-cv-2074 (JPO), 2014 U.S. Dist. LEXIS 130148, at *8 (S.D.N.Y. 2014); *Guzman v. Primo Installation, Inc.*, 18-

---

[1] Defendant is separately analyzing whether this action – brought by three Plaintiffs who worked in Maryland (*id*. ¶¶ 73-80) – properly should be transferred to the District of Maryland.  *Rindfleisch v. Gentiva Health Sys.*, 752 F. Supp. 2d 246 (E.D.N.Y. 2010) (where operative facts in putative FLSA collective action had no connection to this District, transfer to Georgia where a Named Plaintiff worked was appropriate).  Defendant does not interpret Your Honor's Rules as requiring a pre-motion application relating to that motion, but notes this important related case-handling issue, and reserves the right to make a motion to transfer.  To the extent the Court views that issue as threshold, Defendant submits that a stay of the motion practice contemplated herein, and/or any amendment to the Complaint, would be appropriate.  Following our recent retention, undersigned first contacted Plaintiffs' counsel regarding these issues yesterday, thus the parties have not had an opportunity to confer fully on this issue.

**JacksonLewis**

CV-7226 (AT) (BCM), 2022 WL 3230095, at *7 (S.D.N.Y. June 8, 2022). Courts in the Second Circuit have long used the standard set in *Klinghoffer* for determining whether a plaintiff has adequately pled a cause of action for minimum wage. *See United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir. 1960) (holding that the "number of hours actually worked that week multiplied by the minimum hour statutory requirement" is the minimum weekly required pay); *See also Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 116 (2d Cir. 2013) ("so long as an employee is being paid the minimum wage or more, FLSA does not provide recourse for unpaid hours below the 40-hour threshold, even if the employee also works overtime hours the same week").

Plaintiffs' Complaint sets forth neither the hours of work nor the compensation received necessary to this calculation. As concerns the hours of work, Plaintiffs provide only a generic "approximately" X "hours per week" estimate of total hours and, as discussed below with respect to the overtime claim, more is required. Even if Plaintiffs had pled their hours with specificity, their FLSA minimum wage claim still would fail because the Complaint contains no reference to or allegation regarding their compensation: neither the basis (hourly, salary, commissions, etc.), nor the amount thereof. The bald assertion that "Defendant's compensation system regularly failed to pay Named Plaintiffs and Collective Action Plaintiffs at least minimum wage for all hours worked" (Compl. ¶ 67) does not suffice because it fails to provide the "simple arithmetical calculation" of the alleged rate of pay. *Tackie*, 2014 U.S. Dist. LEXIS 130148 at *8.

### B.     Plaintiffs' Overtime Claim

Plaintiffs' FLSA Cause of Action also asserts a claim for overtime. Compl. ¶ 48. A viable FLSA overtime claim must be based on "uncompensated hours worked during a particular workweek." *Gomez v. Nat'l Fin. Network, Inc.,* No. CV 20-1968 (GRB) (AKT), 2021 U.S. Dist. LEXIS 145513, at *31 (E.D.N.Y. Aug. 2, 2021) (quoting *Chime v. Peak Sec. Pluc, Inc.* 137 F. Supp. 3d 183, 196 (E.D.N.Y. 2015)) and *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 195 (2d Cir. 2013). Plaintiffs have not met that standard here, because Plaintiffs' Complaint contains only generalized boilerplate allegations regarding the number of days and hours worked "each week" (Compl. ¶¶ 21-25), and that Plaintiffs "regularly and routinely" worked between 50-70 hours per week. (Compl. ¶ 44). Applying the Second Circuit's directive in *Lundy*, *Nakahata* and *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 86 (2d Cir. 2013), courts consistently reject such conclusory allegations. *See, e.g.*, *Gomez, supra*; *Gathmann-Landini v. Lululemon United States Inc.,* No. 15-CV-6867 (JMA)(AYS), 2017 U.S. Dist. LEXIS 237900, at *7 (E.D.N.Y. Mar. 31, 2017).

Plaintiffs cannot simply plead that each "typically" worked "approximate" substantial overtime hours (which is denied), without factual allegations providing details regarding specific workweeks, the precise hours worked, and the nature of the work performed. *See Lundy*, 711 F.3d 106, at 114-115 (finding "no plausible claim that FLSA was violated" because plaintiffs' descriptions of their work schedules were that they "typically" and "occasionally" worked shifts and breaks). For this reason, Plaintiffs' overtime claim should be dismissed. *Amponin v. Olayan*

Case 2:23-cv-02289-DG-AYS   Document 12   Filed 04/27/23   Page 3 of 4 PageID #: 74

**JacksonLewis**

Honorable Diane Gujarati
USDC/EDNY
April 24, 2023
Page 3

*Am. Corp.*, 2015 U.S. Dist. LEXIS 31778 (S.D.N.Y. Mar. 16, 2015) (allegation of "general[] work[] from 9 a.m. to 7 p.m., and 'occasionally later'" insufficient).

### C. Plaintiffs' Allegation of Willfulness

Separately, the Complaint pleads no fact from which the Court could infer that any conduct was willful for purposes of the FLSA's limitations period. The Complaint only includes a conclusory allegation that Defendant's "conduct . . . was willful and is not based on any reasonable interpretation of the law." (Compl. ¶ 70). In *Whiteside v. Hover-Davis, Inc.*, No. 20-798, 2021 U.S. App. LEXIS 12415 (2d Cir. Apr. 27, 2021), the Second Circuit confirmed that "the mere allegation of willfulness is insufficient for a plaintiff to secure the benefit of the three-year exception to the [FLSA]'s general two-year statute of limitations at the pleadings stage." *Id*. For the three-year exception to apply, plaintiffs "must plead facts that plausibly give rise to an inference of willfulness." *Id.* Plaintiffs' allegation of a willful FLSA violation separately should be dismissed.

### II. There Is No Federal Jurisdiction Under CAFA

Plaintiffs cannot meet the Class Action Fairness Act ("CAFA") requirements for original jurisdiction under CAFA, the other basis for federal jurisdiction identified in the Complaint. CAFA jurisdiction requires both $5,000,000 "in controversy," and a putative class of 100 members.[2] Plaintiffs baldly assert that the putative class of Maryland-based Mortgage Loan Originators ("MLOs") employed on or after March 24, 2020 (Compl. ¶ 32) is larger than 100, and that their purported damages exceed $5M. Neither is true. Contour has employed fewer than 100 MLOs in Maryland since that date, and the maximum damages to such group would not approach $5M. Contour will submit appropriate documentation in connection with its contemplated motion.

### III. The State Law Claims Also Be Dismissed Without Prejudice.

Upon dismissal of Plaintiffs' federal claims, and CAFA jurisdiction not applying, the remaining state claims also should be dismissed for lack of supplemental jurisdiction under 28 U.S.C. § 1367(c)(3). *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[t]he traditional 'values of judicial economy, convenience, fairness, and comity'" weigh in favor of declining to exercise supplemental jurisdiction where all federal-law claims are eliminated before trial); *Krumholz v. Vill. of Northport*, 873 F. Supp. 2d 481, 483 (E.D.N.Y. 2012) (dismissing pendent state law claims following grant of summary judgment dismissing FLSA claims).[3]

\*   \*   \*   \*   \*

Defendant requests a pre-motion conference based on the foregoing.

---

[2] 28 U.S.C. § 1332(d)(2) and (5).
[3] Plaintiffs' state law claims also are deficient, and Defendant reserves all rights in that regard.

**JacksonLewis**

Honorable Diane Gujarati
USDC/EDNY
April 24, 2023
Page 4

Respectfully submitted,

JACKSON LEWIS P.C.

*s/ Noel P. Tripp*

Noel P. Tripp
Kathryn J. Barry

NPT:dc
cc: All counsel of Record (Via ECF)

4890-8763-9136, v. 3